Adonis Castelo GABASAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70991.

Agency No. A70–777–115.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Daniel P. Hanlon, Hanlon & Greene, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Efthimia S. Pilitsis, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Adonis Castelo Gabasan, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' order affirming without opinion the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that the threats made to Gabasan did not constitute past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that unfulfilled threats generally do not constitute past persecution itself). Moreover, Gabasan failed to establish that the Communists requested money from his family on account of his political opinion. *Cf. Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc) (holding that extortion motivated in part by political opinion could qualify as persecution).

Additionally, the IJ properly relied upon the State Department Country Profile to determine that conditions in Manila have changed such that Gabasan's alleged fear of future persecution is not objectively reasonable. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003)

Because Gabasan did not suffer persecution, he did not satisfy the standard for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Gabasan's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc; to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.